IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JAN 17 2019
ARTHUR JOHNSTON
BY _____ DEPUTY

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:18cr146CWR-FKB

CODY CLINES ADKINS

### AGREED PRELIMINARY ORDER OF FORFEITURE

Pursuant to a separate Plea Agreement and Plea Supplement between **CODY CLINES ADKINS**, by and with the consent of his attorney, and the **UNITED STATES OF AMERICA** (hereinafter "Government"), defendant agrees that the following findings are correct, and further agrees with the adjudications made herein. Accordingly, the Court finds as follows:

1. The defendant is fully aware of the consequences of having agreed to forfeit to the Government his interests in and to the hereinafter described property, having been apprised of such by his attorney and by this Court; and he has freely and voluntarily, with knowledge of the consequences, entered into a Plea Agreement and Plea Supplement with the Government to forfeit such property.

2. The defendant agrees, the following:

    (1) Dell Studio XPS computer, service tag # DRP8NL1 including a Western Digital hard drive, S/N WMATV4919593 and an OCZ Trion 150 SSD drive, S/N A22Q3091605006459;

    (2) Toshiba External hard drive, S/N Z4MHK8UAFSAA;

    (3) Sabrent External hard drive, S/N S1CUNYAF102376;

    (4) Seagate laptop thin hard drive, 500 GB, S/N S3PCQE08;

    (5) Apple iPhone 6S, Model A1634;

 **(6)** Seagate Barracuda hard drive, 500 GB, S/N W2A204L3;

 **(7)** Seagate Momentus hard drive, 160 GB, S/N 5SV54X27;

 **(8)** SanDisk 16 GB SDHC media card; and

 **(9)** Patriot 32 GB SD card.

was used, or was intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense charged in the indictment and/or was involved in the offense charged in the indictment. Such property is, therefore, subject to forfeiture pursuant to Title 18, United States Code, Sections 2253.

3.  The defendant has been apprised that Rule 32.2 of the Federal Rules of Criminal Procedure, and Title 18, United States Code, Section 982 require the Court to order the forfeiture of the

 **(1)** Dell Studio XPS computer, service tag # DRP8NL1 including a Western Digital hard drive, S/N WMATV4919593 and an OCZ Trion 150 SSD drive, S/N A22Q3091605006459;

 **(2)** Toshiba External hard drive, S/N Z4MHK8UAFSAA;

 **(3)** Sabrent External hard drive, S/N S1CUNYAF102376;

 **(4)** Seagate laptop thin hard drive, 500 GB, S/N S3PCQE08;

 **(5)** Apple iPhone 6S, Model A1634;

 **(6)** Seagate Barracuda hard drive, 500 GB, S/N W2A204L3;

 **(7)** Seagate Momentus hard drive, 160 GB, S/N 5SV54X27;

 **(8)** SanDisk 16 GB SDHC media card; and

 **(9)** Patriot 32 GB SD card.

at, and as a part of, the sentencing proceeding. The defendant does hereby waive such requirement and the requirement that the forfeiture be made a part of the sentence as ordered by the Court in the document entitled, "Judgment in a Criminal Case." The defendant and his attorney further agree that the Court should enter this order immediately, and agree that the forfeiture ordered hereunder will be a part of the sentence of the Court regardless whether ordered at that proceeding and/or whether attached as a part of the said Judgment in the Criminal Case.

IT IS, THEREFORE, ORDERED AND ADJUDGED AS FOLLOWS:

a.  That the defendant shall forfeit to the United States,

   (1) Dell Studio XPS computer, service tag # DRP8NL1 including a Western Digital hard drive, S/N WMATV4919593 and an OCZ Trion 150 SSD drive, S/N A22Q3091605006459;

   (2) Toshiba External hard drive, S/N Z4MHK8UAFSAA;

   (3) Sabrent External hard drive, S/N S1CUNYAF102376;

   (4) Seagate laptop thin hard drive, 500 GB, S/N S3PCQE08;

   (5) Apple iPhone 6S, Model A1634;

   (6) Seagate Barracuda hard drive, 500 GB, S/N W2A204L3;

   (7) Seagate Momentus hard drive, 160 GB, S/N 5SV54X27;

   (8) SanDisk 16 GB SDHC media card; and

   (9) Patriot 32 GB SD card.

b.  The Court has determined, based on the defendant's Plea Agreement and Plea Supplement, that the following property is subject to forfeiture pursuant to Section 2253, Title 18, United States Code, that the defendant had an interest in such

property and that the government has established the requisite nexus between such property and such offenses.

c. The United States may conduct any discovery it considers necessary to identify, locate, or dispose of the property subject to forfeiture or substitute assets for such property.

d. The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property. No such notice is required to the extent that this Order consists solely of a money judgment against the defendant. Fed. R. Crim. P. 32.2(c)(1).

e. Any person, other than the above named defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the order of forfeiture, pursuant to Title 21 U.S.C. § 853(n).

f. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this preliminary order of forfeiture shall become final as to the defendant at the time of sentencing [or before sentencing if the defendant consents] and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this order shall become the final order of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

g. Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature

and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, any additional facts supporting the petitioner's claim and the relief sought.

h. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

i. The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in Title 21 U.S.C. § 853(n)(2), for the filing of third party petitions.

The Court shall retain jurisdiction to enforce this order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

SO ORDERED AND ADJUDGED this 17th day of January 2018.

*Carlton W. Reeves*
UNITED STATES DISTRICT JUDGE

AGREED:

*Glenda R. Haynes*
GLENDA R. HAYNES
Assistant United States Attorney

*Cody C Adkins*
CODY CLINES ADKINS
Defendant

*Jessica M. Bourne*
JESSICE NICOLE BOURNE
Attorney for Defendant